## REIBOLD v CRAIG-McKERROW

Ohio Appeals, 2nd Dist, Montgomery Co

No 1247.   Decided Feb 1, 1934

Sigler & Denlinger, Dayton, Ozias & Ozias, Dayton, and W. S. Rhotehamel, Dayton, for plaintiff in error.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant in error.

## OPINION

By KUNKLE, J.

Counsel for defendant in their brief discuss to some extent the ruling of the trial court in sustaining the demurrer to the second defense of the answer.

This phase of the case is not before us for review. No error has been prosecuted to this court from such ruling of the trial court.

The only phase of the case presented to us for consideration relates to the judgment of the trial court in overruling the demurrer to the first defense of the answer and the dismissal of the plaintiff's petition.

The sole question presented to this court for determination is when did the 25 year term of said trust estate terminate. Was the petition for partition filed in proper time or was it filed one day before the plaintiff was entitled to maintain such an action?

Did the plaintiff have the right to or was he in possession of the property in question on the day he filed his petition?

The possession or the immediate right to possession is necessary in order that a suit in partition may be maintained. 99 Oh St 20,

The provision of the will of Louis N. Reibold above quoted provides that the property may not be sold or partitioned or divided for a period of 25 years after my decease.

Counsel have furnished the court with very exhaustive briefs in which the question of computation of time is discussed in detail and many pertinent authorities are cited.

We have considered these briefs with care, but will not undertake to discuss the many authorities presented by counsel. We will content ourselves with announcing the conclusion at which we have arrived after a consideration of the respective authorities relied upon by counsel.

Sec 10216 GC provides:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

Sec 10217 GC provides:

"When an act is to take effect, or become operative, from and after a day named, no part of that day shall be included. And if priority of legal rights depends upon the order of events on the same day, such priority shall be determined by the times in the day at which they respectively occurred, except as otherwise especially provided by law."

The facts above detailed as found in the first defense of the answer of defendant are by the demurrer admitted to be true. In addition to the statutes above quoted, the latest expression of our Supreme Court upon this general subject is found in the case of Neiswander v Brickner et, 116 Oh St, 249. The syllabus of this case is as follows:

"1. Under §4736, GC, signers to a remonstrance may withdraw their names before and up to the end of the 30 day period allowed for the filing of the remonstrance.

"2. Under §10216, GC, when the 30 day period provided for in §4736, GC, expires upon a Sunday, signers of the remonstrance may withdraw their names therefrom upon the following Monday.

"3. Sec 10216, GC, applies generally to all acts required or permitted by law to be done and is not lmited in its application to Part Third of the General Code. (Keir v Keil, 60 Oh St, 607, 54 NE, 1104, overruled.)"

This general subject is discussed in detail in the opinion of the court as delivered by Judge Allen.

The case of **Kerr v Keil, 60 Oh St, 607** is not only expressly overruled, but the rule as announced in the case of **State of Ohio v Elson, 77 Oh St, 489,** is approved and the following quotation from such decision is made a part of the decision of Judge Allen, namely:

"It must, we think, be conceded, in obedience to the clear weight of authority, that in the absence of language compelling the application of a different rule, the established general rule governing the computation of time, whether at common law or under the statute, is that the first day of the period named is to be excluded, and the last named day is to be included, and that this rule applies alike to all provisions for the computation of time whether in civil or criminal cases. In this state it is provided by §4951, Revised Statutes (Civil Code) that: 'Unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded.' True this provision applies in terms, only to the computation of time within which an act is required by law to be done; but we can see no good or sufficient reason, nor has any been suggested, why the same rule of computation should not be applied in computing the time within which an act is permitted by law to be done. The mode of computing time, in any particular case or class of cases, is of far less importance than that there should be some established and uniform rule on the subject. Obviously, it is not for the public good, nor in the interest of the due administration of justice, that there should be two rules, or that the rule should be different or less certain in criminal than it is in civil cases. In our opinion this rule of the statute should be followed and applied in the interpretation and construction of all statutes, save those where the language of the provision as to time, itself clearly forbids it."

Among the many authorities cited directly reflecting upon this question is that of Bemis v Leonard, 118 Mass., page 502. The first paragraph of the syllabus of which is as follows:

"In computing time from the date or from the day of the date, or from a certain act or event, the day of the date is to be excluded unless a different intention is manifested by the instrument or statute under which the question arises."

The case found in 15 Vesey Chancery Reports is also pertinent.

From our consideration of the facts as admitted by the demurrer, and of the authorities cited, we can not escape the conclusion but that in computing a period of 25 years **after the death of Louis N. Reibold,** that the day of his death must be excluded.

If we are correct in this conclusion then the petition of the plaintiff was filed prematurely by one day. The judgment of the lower court must therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.